UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELLEN M. McCRACKEN, et al.,

    Plaintiff,

v.

BEVERLY ENTERPRISES, INC., et al.,

    Defendant.

Case No. C07-5289RJB

ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND SERVICE OF THE COMPLAINT, AND ORDER DISMISSING CASE

    This matter comes before the court on Ms. Ellen M. McCracken's Request for Assignment of Legal Counsel (Dkt. 6), her motion for service to be made by the court (Dkt. 7), and on review of the file. The court has considered the relevant documents and the remainder of the file herein.

    On June 4, 2007, Ellen M. McCracken filed a *pro se* civil case. Dkt. 1. She is proceeding *in forma pauperis*. The complaint also names Laura Mae McCracken as a plaintiff. Ellen M. McCracken states that she is representing her daughter, Laura Mae McCracken. Dkt. 1, at 1. Ellen M. McCracken requests that the court appoint counsel to represent plaintiffs in this proceeding. Dkt. 6. She also requests that this court direct service of the complaint to be made by the United States Marshal. Dkt. 7. The court will hereafter refer to Ms. Ellen M. McCracken as plaintiff.

    It appears from the complaint that plaintiff filed a claim with the Washington Department of Labor and Industries that was closed on May 14, 1998. Dkt. 1, at 7-8, and 15. It appears that plaintiff alleges

ORDER
Page - 1

that she moved to reopen the case; that the Board of Industrial Insurance Appeals ordered that she retain an attorney or the request to reopen the claim would be dismissed; that the Board of Industrial Insurance Appeals referred her to attorney Rachel E. Scott; and that she explained the issues to Ms. Scott, who failed to take timely action on her motion to reopen the claim. Plaintiff contends that the employer, apparently Beverly Enterprises, failed to properly pay earned wages for 1991 and objected to the amount of time loss compensation; that Gates and McDonald, representative of the self insured employer, misrepresented hours and wages and objected to the rate of compensation; that the Department of Labor and Industries miscalculated the amount of wages and failed to properly adjudicate the claim; that the Department of Labor and Industries failed to properly notify her that time loss compensation had been stopped when the claim was closed in 1998; that the Department of Labor and Industries ordered Independent Medical Exams up to ten times in the first six years without finding a panel of doctors that would return her to employment; that the Department of Labor and Industries and the Board of Industrial Insurance Appeals failed to follow their own rules and state statutes, the Freedom of Information Act, and the Americans with Disabilities Act; that the Board of Industrial Insurance Appeals refused to provide her a copy of her claim file in a reasonable useable format, without cost; that the Department of Labor and Industries, the Board of Industrial Insurance Appeals, and the Office of the Attorney General failed to consider facts related to wages, medical history, and objective medical findings that have been in the claim file for sixteen years; that the Board of Industrial Insurance Appeals violated procedural due process and failed to provide her with a copy of the civil rules of procedure; and that there is no explanation for the miscalculation of wages and reduction of wages as time loss compensation. Dkt. 1, at 7-11. The complaint further alleges that the Department of Industrial Insurance Appeals used the wrong standard for calculating plaintiff's wages; that plaintiff has no incentive to remain in poverty; that, because she was not given lawful notice that time loss compensation had been stopped, she lost her home and became homeless; that her daughter was unable to have birthday parties and Christmas for more than six years because plaintiff did not have the money to pay for them; and that the claims managers frivolously spent industrial insurance funds on independent medical examinations. Dkt. 1, at 11-15.

It appears that plaintiff appealed the Department of Labor and Industries' May 14, 1998 decision to close her claim. Dkt. 1, at 15. It appears from the complaint that a hearing was held on February 2, 1999.

ORDER
Page - 2

Dkt. 1, at 15. Plaintiff contends that the Industrial Appeals judge and the Assistant Attorney General colluded in preventing her from being heard, although she apparently was examined in what "appears on the face of it to be a criminal interrogation of the injured worker." Dkt. 1, at 15.

The complaint apparently alleges that defendant Lucy M. Werner represented the Board of Industrial Insurance Appeals as a mediator on May 10, 2006; that Ms. Werner ordered plaintiff to retain an attorney and said she would not docket the claim for hearing without an attorney; and ordered opposing counsel not to settle the claim. Dkt. 1, at 15-16. The claim alleges malpractice, appearance of duplicity, professional misconduct, and precipitous and untimely withdrawal on the part of attorney Rachel E. Scott. Dkt. 1, at 16.

Plaintiff contends that she had contract rights with the employer and owners of Renton Terrace Nursing Center, where she was injured on April 18, 1991, while she was allegedly working as a registered nurse. Dkt. 1, at 18.

Plaintiff apparently contends that her rights under the Fifth, Eighth, and Fourteenth Amendments were violated; and that the employer and the government exploited her "gender constraints & professional, ethical & religious priorities." Dkt. 1, at 19.

The complaint requests the following relief: (1) that plaintiff's Industrial Insurance claim be reopened; (2) that the wages and time loss compensation for her 1991 injury be recomputed; (3) that past due payments, with interest, be issued by the Department of Labor and Industries; (4) that a disability pension be awarded for life; (5) that Beverly Enterprises and its representative Gates and McDonald pay plaintiff her wages from the time she lost her job until her death; (6) that Medicaid, Medicare and Social Security withholding that plaintiff would have paid be paid; (7) that plaintiff be paid the difference between her paychecks and the wages reported on her 1991 tax statement; (8) that Gates and McDonald retract errors; (9) that the Department of Labor and Industries and the Board of Industrial Insurance Appeals correct its erroneous orders; write policies and procedures that comply with federal law; pay both plaintiff and her daughter compensation and punitive damages; (10) that the lawyers involved in this action receive "sanctions" on their licenses; (11) that the executive secretary and the three members of the Board of Industrial Insurance be replaced; (12) that defendants receive mandatory education on the rights of injured workers; and (13) that the federal government apply and enforce all of the laws contained in the Federal

1  Register against state agencies and conduct audits for compliance with Title II of the ADA. Dkt. 1, at 21-
2  23.

### DISCUSSION

The complaint in this matter is deficient in numerous respects.

**1. Representation of Laura Mae McCracken**

Ms. Ellen M. McCracken and Ms. Laura Mae McCracken are named as plaintiffs in this action, but the complaint is signed only by Ellen M. McCracken. Dkt. 1, at 1 and 24. Ms. Ellen M. McCracken purports to represent herself and her daughter, who was a minor at the time of Ellen M. McCracken's injury in 1991. Dkt. 1, at 2.

Although a nonattorney may appear *pro se* on behalf of herself, she has no authority to appear as an attorney for others. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). Ms. Ellen M. McCracken has no authority to represent her daughter, Laura Mae McCracken.

**2. Removal**

It appears that plaintiff wishes to remove the case she has or had before the Washington Board of Industrial Insurance Appeals to federal court. However, she has not alleged that there is a pending case in state court that she intends to remove to federal court. Further, only defendants–not plaintiffs–may remove civil cases filed in state court to federal court under 28 U.S.C. § 1441. *See American International Underwriters, (Philippines), Inc. v. Continental Insurance Company*, 843 F.2d 1253, 1261 (9th Cir. 1988); *Oregon Egg Producers v. Andrew,* 458 F.2d 382, 383 (9th Cir. 1972). Accordingly, plaintiff may not remove a pending Industrial Insurance Appeals action to federal court under 28 U.S.C. § 1441. The claims that the Board of Industrial Insurance Appeals miscalculated plaintiff's compensation and cut off her check before it should have been cut off are not properly before this court.

**2. Diversity Jurisdiction**

The complaint attempts to allege federal jurisdiction on the basis of diversity under 28 U.S.C. § 1331. Even assuming that there is diversity of citizenship among the parties, and assuming that plaintiff is basing jurisdiction on state claims sounding in tort, the complaint does not allege facts that would provide a basis for diversity jurisdiction.

ORDER
Page - 4

1    The Legislature enacted the Industrial Insurance Act to provide swift compensation for injured
2 workers and to replace the common law fault-based system. *Hildahl v. Bringolf,* 101 Wn.App. 634, 640, 5
3 P.3d 38 (2000), *review denied,* 142 Wash.2d 1020 (2001). The Act provides the exclusive remedy for
4 workers injured during the course of their employment. *Wash. Ins. Guar. Ass'n v. Dep't of Labor & Indus.,*
5 122 Wn.2d 527, 530 (1993); RCW 51.04.010. Under the Act, an employer is immune from its employees'
6 civil lawsuits for workplace injuries. *Flanigan v. Dep't of Labor & Indus.,* 123 Wn.2d 418, 422 (1994);
7 RCW 51.04.010. *See also Cena v. State*, 121 Wn.App. 352, *review denied* 153 Wn.2d 1009
8 (2004)(claimant's action alleging negligent claims administration barred by exclusivity provision).

9    Because the Industrial Insurance Act provides the exclusive remedy for workers injured in the
10 course of their employment, plaintiff may not sue defendants for tort claims for such injuries. The factual
11 allegations that arguably allege claims against defendants based upon Washington tort law do not provide a
12 basis for this court's diversity jurisdiction.

13    **3. Civil Rights Claims**

14    Plaintiff alleges that her Fifth, Eighth and Fourteenth Amendment rights were violated, in addition
15 to her rights under the Americans with Disabilities Act, Title VII, and the Freedom of Information Act.

16    In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct
17 complained of was committed by a person acting under color of state law, and that (2) the conduct
18 deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United
19 States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*,
20 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of
21 these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478
22 U.S. 1020 (1986).

23    To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth the specific factual bases upon
24 which he claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Vague
25 and conclusory allegations of official participation in a civil rights violations are not sufficient to support a
26 claim under § 1983. *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982).

27    The court has carefully reviewed the complaint in this matter. Construed in the light most favorable
28 to plaintiff, the complaint alleges that: (1) she was injured on the job in 1991; (2) the Washington

ORDER
Page - 5

Department of Labor and Industries closed the claim on May 14, 1998; (3) a hearing was held on February 2, 1999; (4) she moved to reopen the case; (5) a judge from the Board of Industrial Insurance Appeals conducted a mediation on May 10, 2006, referred her to an attorney, and put the case on hold; and (6) the attorney declined to comply with plaintiff's desire to move to reopen her case and withdrew from representing her. The court can discern no claim in this complaint that any of the defendants violated a right, privilege or immunity secured by the Constitution or law of the United States.

### 4. *Sua Sponte* Dismissal

A federal court may dismiss *sua sponte* pursuant to Fed.R.Civ..P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6).... Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

In this case, it appears that plaintiff is dissatisfied with the results of her Industrial Insurance case. While she may have state remedies available to appeal any adverse decision of the administrative tribunal, *see* RCW 51.52.110, plaintiff may not remove the case to federal court. Moreover, although the complaint alleges diversity jurisdiction, there is no basis for diversity jurisdiction, given that tort claims are precluded by the exclusivity provision of the Industrial Insurance Act. Even construing all facts in favor of plaintiff, the complaint does not state any claim based upon violation of her federal Constitutional or statutory rights. Finally, although Laura Mae McCracken has been named as a plaintiff, she has not signed the complaint, and Ms. Ellen M. McCracken may not appear on her behalf. The complaint has no arguable basis in law or fact. Because it is clear that the plaintiff has not stated a claim upon which relief may be granted, and because it would be futile to permit her to attempt to amend the complaint, this case should be dismissed as frivolous.

### 5. Motion for Appointment of Counsel and Motion for Service by the Court

Plaintiff has requested appointment of counsel and has also requested that the court serve the

1  complaint.

2  Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to
3  afford counsel. Under Section 1915, the court may appoint counsel in exceptional circumstances.
4  *Franklin v. Murphy*, 745 F.2d 1221,1236 (9th Cir. 1984). To find exceptional circumstances, the court
5  must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims
6  *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th
7  Cir. 1983). Here, plaintiff's complaint is without merit. Further, she has been able to articulate her claims
8  to the court. Because the case does not present exceptional circumstances, the request for appointment of
9  counsel should be denied.

10  Because the complaint is deficient, the court should deny plaintiff's motion for service of the
11  complaint by the court.

12  Therefore, it is hereby

13  **ORDERED** that the Request for Assignment of Legal Counsel (Dkt. 6) is **DENIED**. The motion
14  for service to be made by the court (Dkt. 7) is **DENIED.** This case is **DISMISSED**.

15  The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
16  party appearing *pro se* at said party's last known address.

17  DATED this 25th day of June, 2007.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge